IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Lillian Walters Kaiser, | ) | |
| | ) | Civil No. 1:22-cv-00166 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Imperial Oil of North Dakota, Inc. and William D. Walters, Jr., individually and as President of Imperial Oil of North Dakota, Inc., and as Co-Trustee of the Lillian Y. Walters Revocable Trust, | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*             \*\*\*             \*\*\*

The parties anticipate that, during the course of this litigation, it may be necessary for the parties or third parties to disclose certain sensitive, confidential, or personal information (hereinafter "Confidential Information").

Accordingly, pursuant to Federal Rules of Civil Procedure 5.2 and 26(c) and 5 U.S.C. § 552a(b)(11), and upon a showing of good cause in support of the entry of a Protective Order to govern the production, discovery, and dissemination of Confidential Information, IT IS HEREBY ORDERED:

**1.** **Scope.** This Protective Order shall apply to all documents and materials produced during this litigation, including, but not limited to, initial disclosures, the production of documents, responses to discovery requests, deposition testimony and exhibits, and other information derived directly therefrom or otherwise disclosed pursuant to the Federal Rules of Civil Procedure.

**2.** **Confidential Information.** The parties, or any third party producing materials in

response to requests related to this civil action, may in good faith designate documents or information as "Confidential." "Confidential Information" includes the following: documents and information that may be protected by statute, regulation, rule, or other authority, including, but not limited to, N.D.C.C. § 10-19.1-84; to the extent applicable, personally identifying information protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"); sensitive law-enforcement or investigative materials; trade secrets or proprietary business information; medical information concerning any individual; and personnel or employment records of an individual. By prior written agreement, the parties may amend this list to include other categories of documents or information prior to disclosure.

3.     **Privacy Act Order.** If the parties, or any third party producing materials in response to a request related to this civil action, disclose a document or information that would otherwise be protected by the Privacy Act, this Protective Order is an order of the Court which allows for such disclosure.

4.     **Form of Designation.** Any party or non-party producing documents or information may designate as Confidential any document or information that the producing party or non-party reasonably and in good faith believes to contain "Confidential Information" by marking or placing the word "Confidential" on each page of the document so-designated. In the case of Confidential Information disclosed in a non-paper medium or other medium on which a page-by-page Confidential designation is impracticable (*e.g.*, video tape, audio tape, computer disks, tapes, or other storage media), the producing party or non-party may designate the information as Confidential by marking or placing the word "Confidential" on the outside of the medium or container and/or by identifying the contents or portions thereof as Confidential in the cover letter or communication accompanying the production. Any reproduction of Confidential Information must retain its Confidential designation.

5. **Depositions.** Deposition testimony and exhibits may be designated as Confidential either on the record at the time the deposition is taken or within thirty (30) days after receipt of the deposition transcript by the designating party. Such designation must be specific as to the portions of the transcript to be designated as confidential and/or any exhibits to be protected.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

7. **Protection of Confidential Material.** Confidential Information shall not be used or disclosed for any purpose except the litigation of this action.

8. **Challenges to Designations.** A party may object to or challenge the designation of a document as Protected Material by giving written notice to all parties (including written notice to any nonparty that have made the challenged designation). In challenging the designation of any document as Protected Material, the challenging party must identify in the written notice the document or documents challenged and must provide the basis for said challenge. Following such notice, the parties must first meet and confer in good faith in order to attempt informal resolution of their differences over the challenged designation. If they cannot agree on an informal resolution to the challenged designation, they may present the issue to the Court. The party seeking the designation of material as confidential shall have the burden of proving the designation is necessary. Documents that have been designated and which are subject to challenge shall maintain their designation and shall maintain their protected status under the terms of this Protective Order as Protected Material until such time as the Court rules on the challenge.

9. **Privilege Logs.** If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall

promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified.

10. **Who May View Designated Confidential Information**. Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only disclosed to and shared only among the following persons:

   a. The parties;

   b. Attorneys actively working on this matter;

   c. Persons regularly employed or associated with the attorneys actively working on this case, including in-house or agency counsel, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   d. Law students, interns, or externs employed or associated with the attorneys actively working on this case, including clinical law students;

   e. The employees (including in-house or agency counsel) of any party to whom disclosure is reasonably necessary for litigation or settlement of these cases;

   f. Authors and persons who were the original addressees or recipients of the document containing Confidential Information;

   g. Expert witnesses or consultants specially employed in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

   h. Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or database services to the parties' counsel;

   i. Any mediator or special master appointed by the Court or agreed upon by parties and such mediator's or special master's employees and staff;

j.      Witnesses and court reporting personnel during or in preparation for depositions or other testimony;

k.      The Court, officers of the Court, and court personnel, including administrative staff and judicial law clerks; and

l.      Other persons by prior written agreement of the parties or order of the Court.

11.    Prior to disclosing any information designated as "Confidential" to any person listed in Paragraph 8(f), (g), or (h), the disclosing party shall provide each such person with a copy of this Protective Order and obtain from such person a signed written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions; such acknowledgement shall be in substantially the same form as the Acknowledgement and Agreement to be Bound attached hereto as Attachment A. All such acknowledgments shall be retained and shall be subject to in camera review by the Court if good cause for review is demonstrated.

12.    **Use of Confidential Information at Hearing or Trial.** A party that intends to present information designated as Confidential by another party or a third-party at a hearing or trial shall inform the designating party in advance of the hearing or trial; such disclosure shall be made in sufficient time to allow the parties to meaningfully confer concerning the intended use in advance of the hearing or trial; following conferral, the party intending to present information designated as Confidential by another party or a third-party at a hearing or trial shall raise its intent to do so with the Court—by motion, pretrial memorandum, or otherwise—and such filing(s) shall not disclose the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of Confidential Information at the hearing or trial.

13.    **Permission To Disclose Material Designated As Confidential.** In the event that the Receiving Party wishes to disclose, by filing with the Court or otherwise, any material

5

designated as CONFIDENTIAL under the terms of this Order, the Receiving Party shall promptly send a written request to the Producing Party. To avoid ambiguity as to whether a request has been made, the written request must recite that the request to disclose is being made in accordance with this specific Section of the Order. The parties shall in good faith attempt to resolve the matter informally within ten (10) days of the date of service of notice. If such attempts do not resolve the matter by agreement, the Receiving Party seeking to disclose the Confidential Information shall move the Court to permit the disclosure, and shall submit the material for in camera review. Any opposition to such motion shall be filed within seven (7) calendar days from the filing of the motion. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The disputed Confidential Information shall be treated as Confidential until the Court rules on the request. At the hearing or submission of any such Motion, the burden to prove the need to maintain confidentiality shall be on the Producing Party. If the intended use is filing in court, the standards to be applied are the standards for maintaining material on the Court's docket under seal. Otherwise, the Court shall determine the need for confidentiality in accordance with Federal Rule of Civil Procedure 26(c). No party shall file information designated as CONFIDENTIAL unless (1) the Court orders that the party may file it publicly or (2) it is filed under seal pursuant to this district's Administrative Policy Governing Electronic Filing and Service and Guide to Filing Sealed Documents & Motions.

  **14.**  **Discovery.**  Nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure. The disclosure and designation of any documents as Confidential pursuant to this Order by any party or non-party shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any legally-recognized privilege or protection applicable to those documents. For the avoidance of doubt, the terms of this

Order shall in no way affect the right of any person: (a) to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority; (b) to withhold information on grounds of immunity from discovery, such as the attorney-client or deliberative-process privilege or the work-product doctrine; or (c) to raise or assert any defenses or objections with respect to the use, authenticity, relevance, or admissibility at trial of any evidence or documents containing Confidential Information produced pursuant to this Protective Order.

15. **Third-party requests for Confidential Information**. If information designated Confidential in this action is requested in a subpoena or other process, including but not limited to the Freedom of Information Act or the North Dakota Open Records Statute, by someone who is not a party in this action, the party to whom the subpoena or other process is directed shall: (a) promptly give written notice to the designating party and include a copy of the subpoena or other process seeking disclosure; (b) promptly notify in writing the requester who caused the subpoena or other process to issue that some or all of the requested material is subject to this Order, which notification shall include a copy of this Order; and (c) cooperate with respect to reasonable procedures sought to be pursued by the designating party whose Confidential Information has been requested. Once notified, the designating party seeking to maintain the confidentiality of any information shall have the sole responsibility for seeking, within a reasonable amount of time, any order it believes necessary to prevent disclosure of the information that has been subpoenaed, requested, or ordered. The party to which the subpoena or other process is directed will not produce any of the material designated as Confidential while a motion for an order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this agreement, in which case production of such materials pursuant to that order shall not be deemed a violation of this

Protective Order.

**16.**     **Obligations on Conclusion of Litigation.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation. Within 60 days of the conclusion of this litigation, whether by settlement or final order and judgment of this Court and any appeal(s), all copies of documents that include Confidential Information shall be destroyed, permanently deleted, or returned to the producing party, except with respect to: (a) material that becomes a part of the public Court record in this matter or any appeals; (b) archival copy of all pleadings, motions, discovery responses, deposition transcripts and exhibits, hearing transcripts and exhibits, correspondence, and expert reports, even if such materials contain Confidential Information; (c) work product of counsel; (d) any transcripts, exhibits, or other documents required to be maintained under the Federal Records Act, 44 U.S.C. § 3101 et seq., the Department of Justice's record-retention policy, or other legal obligation, to the extent not covered in sub-section15(b); (e) copies of documents containing Confidential Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, *but* if such data are made accessible (*e.g.*, if a disaster recovery backup containing Confidential Information is restored), the receiving party must take reasonable steps to return, destroy, or permanently delete the restored Confidential Information or documents as provided herein; and (f) United States' law-enforcement agencies may, if in receipt of Confidential Information that would otherwise be subject to this Protective Order, retain Confidential Information for law-enforcement purposes. The termination of this action shall not relieve counsel, the parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. Although the Court will not retain jurisdiction of this matter following the final disposition of this case, a party or non- party whose information has been

designated as Confidential pursuant to this Protective Order may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

17. **Use of a Party's Own Confidential Information.** Nothing contained in this Protective Order shall preclude any party or designating non-party from using its own Confidential Information in any manner it sees fit.

18. **Order Subject to Modification.** This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter upon a showing of good cause. If a request or motion for modification is made, then the non-movant(s) shall receive notice and an opportunity to be heard before the Court rules on the proposed modification.

19. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

20. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon the parties, all counsel of record, and any party later joined to this lawsuit, which joined party shall be provided with a copy of this Order.

21. To the extent that the State Defendants obtain confidential records in this case, this stipulation does not usurp North Dakota Open Records Laws. To the extent there is a conflict between this stipulation and the obligation of any written assurance by the State Defendants executed pursuant to this stipulation and North Dakota law as it pertains to public records, North Dakota law controls.

**IT IS SO ORDERED.**

Dated this 28th  day of    February            , 2023.

                                So ordered:

                                 _/s/ Clare R. Hochhalter_
                                Magistrate Judge Clare R. Hochhlater
                                United States District Court

**Stipulated and Agreed to by Counsel for the Parties:**

Date:  February 24, 2023          By:    _/s/ Nicholas C. Grant_
                                                         Nicholas C. Grant
                                                           Ebeltoft Sickler Lawyers PLLC
                                                           2272 Eighth Street West
                                                           Dickinson, ND 58601
                                                           ngrant@ndlaw.com

Date:  February 24, 2023          By:    _/s/ Jack E. Zuger_
                                                            Jack E. Zuger
                                                           Peter J. Gleekel
                                                           Samuel H.J. Schultz
                                                           Larson King LLP
                                                           30 East Seventh Street, Ste. 2800
                                                           St. Paul, MN 55101
                                                           jzuger@larsonking.com
                                                           pgleekel@larsonking.com
                                                           sschultz@larsonking.com

                                                           Attorneys for Defendants

Date:  February 24, 2023          By:    _/s/ Randall J. Bakke_
                                                            Randall J. Bakke (#03989)
                                                           David Phillips (#06116)
                                                           Bakke Grinolds Wiederholt
                                                           300 West Century Avenue
                                                           P.O. Box 4247
                                                           Bismarck, ND 58502-4247

(701) 751-8188
rbakke@bgwattorneys.com
dphillips@bgwattorneys.com

Attorneys for Plaintiff

## **EXHIBIT 1**

### **ACKNOWLEDGMENT**

I certify that I have read and I understand the provisions of the Stipulated Protective Order ("Protective Order") entered on the ____ day of _____, 2023 by the Court in the civil lawsuit entitled *Lillian Walters Kaiser. v. Imperial Oil of North Dakota, Inc. and William D. Walters, Jr., individually and as President of Imperial Oil of North Dakota, Inc., and as Co-Trustee of the Lillian Y. Walters Revocable Trust*, (Civil No. Civil No. 3:22-CV-00166) venued in the United States District Court for the District of North Dakota, Western Division.

As a condition precedent to my receipt and examination of information designated as "Confidential" or "Confidential Information" pursuant to the Protective Order, or of obtaining information derived from such, I agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall be bound by, shall observe, and shall comply with the terms and provisions of the Protective Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Protective Order.

Dated: _____        _____
                                 Name (Printed)


                                 _____
                                 Relationship to this Litigation


**SUBSCRIBED AND SWORN BEFORE ME THIS ___ DAY OF _____, 20___**

                                 _____
                                 **Notary Public**