IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LILLIAN WALTERS KAISER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>IMPERIAL OIL OF NORTH DAKOTA and WILLIAM D. WALTERS<br><br>　　　　　Defendants. | CV 23-59-BLG-SPW<br><br><br><br>ORDER |

Before the Court is the Joint Motion of Defendants William D. Walters, Jr. and Imperial Oil of North Dakota, Inc. to Stay Discovery (Doc. 37).

Defendants ask the Court to stay discovery pending the resolution of the motions to dismiss. (*Id.*). They claim that a stay is appropriate because the potential harm to Plaintiff Lillian Kaiser would be "limited in scope," the burdens of discovery upon Defendants before the motions to dismiss are decided involves "significant . . . expense and risk," and judicial efficiency weighs in favor of granting a stay. (Doc. 38 at 4–6). Kaiser responds that it a stay would be "extremely prejudicial" because of the age of the parties, Kaiser's need to plan her estate, and the ongoing breach of duty by Defendant Walters; Defendants' motions to dismiss will not result in dismissal of all Kaiser's claims; a stay would not preserve judicial resources; and

Defendants have not made a strong showing that Kaiser's claims lack merit. (Doc. 40 at 2–14)

A district court has broad discretion in managing discovery and, thus, has discretion to stay proceedings in its own court when appropriate. *Dichter-Mad Fam. Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013). A district court may stay discovery "when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981). A stay is more appropriate when a party seeks only damages. *Am. Reliable Ins. Co. v. Lockyard*, No. 17-04-M, 2018 WL 9618463, at *2 (D. Mont. Feb. 14, 2018).

The Court has taken a "preliminary peek" at the Complaint and the merits of the pending motions to dismiss (Doc. 1) and is not convinced that Kaiser will be unable to state a claim for relief. *See Depot, Inc. v. Caring for Montanans, Inc.*, CV 16-74-M, 2016 WL 9506022, at * 1 (D. Mont. Dec. 7, 2016). Even if the Court grants Defendants' motions to dismiss, four Counts will remain. (*Compare* Doc. 1 with Doc. 17 at 20–25, Doc. 20 at 7–13). Additionally, Kaiser claims ongoing harm by Walters and seeks several equitable remedies. (Doc. 24 at 7–8). Thus, the Court sees no reason to stay discovery pending consideration of the motions to dismiss.

//

//

IT IS HEREBY ORDERED that the Joint Motion of Defendants William D. Walters, Jr. and Imperial Oil of North Dakota, Inc. to Stay Discovery is DENIED.

DATED this 30th day of January, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge