IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LILLIAN WALTERS KAISER,<br><br>Plaintiff,<br><br>vs.<br><br>IMPERIAL OIL OF NORTH DAKOTA, INC. and WILLIAM D. WALTERS, JR., individually and as President of Imperial Oil of North Dakota, Inc., and as Co-Trustee of the Lillian Y. Walters Revocable Trust<br><br>Defendants. | CV 23-59-BLG-SPW<br><br>ORDER ON MOTION TO QUASH |

Pending before the Court is Defendant William D. Walters, Jr.'s Motion to Quash the subpoena issued to Julie R. Sirrs. (Doc. 174). Plaintiff, Lillian Walters Kaiser opposes the motions. (Doc. 176).

Having considered the parties' briefing and for the following reasons, the Court grants Defendant's Motion to Quash.

### I. Background

The facts of this case have been discussed at length in this Court's previous order on Defendant's Motion to Dismiss (Doc. 132) and do not need to be reiterated in full here. The procedural background relevant to the motion before the Court is described below.

1

Defendant disclosed Ms. Sirrs as a retained expert pursuant to Federal Rule of Civil Procedure 26(a)(2) on October 4, 2024. (Doc. 175 at 2). As part of the disclosure, Defendant provided Ms. Sirrs' written expert report, an identification of the 14 deposition transcripts she reviewed, a 10-page list of documents she reviewed, her CV, and statement of her compensation as required under Rule 26. (*Id.* at 11).

The parties mutually agreed that the Plaintiff would depose Ms. Sirrs on December 5, 2024. (*Id.*). On November 19, 2024, Plaintiffs served a Rule 45 subpoena on Ms. Sirrs for her appearance at the December 5 deposition. (*Id.* at 3). The subpoena included a subpoena *duces tecum* which requested the production of various documents not previously disclosed. (*Id.*). Plaintiffs sought to compel the production of:

1. Copies of any and all writing Ms. Sirrs has ever published;

2. Any and all statements made by Ms. Sirrs relating to the present litigation;

3. Copies of all prior deposition and/or trial testimony by Ms. Sirrs during the past four years;

4. Copies of any and all working papers, notes summaries, records, taken or prepared by Ms. Sirrs related to the litigation;

5. Copies of Ms. Sirrs' file maintained in this case;

6. Copies of any North Dakota or Montana statute which she referred to or relied upon in forming her opinion;

2

7. Copies of any reference material Ms. Sirrs may rely on;

8. Copies of documents, records, or any other data provided to Ms. Sirrs, received by her, and review by her;

9. Copies of any notes, memoranda, summaries, records, receipts, documents, texts, emails or written communications, legal pleadings, including any and all file materials or other material reviewed by Ms. Sirrs in the case;

10. Copies of any other documents Ms. Sirrs referenced or relied on in forming her opinions in this case;

11. Copies of any unprivileged correspondence Ms. Sirrs received;

12. Copies of all time sheets, records of time spent on this case, and all billings prepared or submitted by Ms. Sirrs for her services;

13. Copies of all documents Ms. Sirrs deems necessary to refer to in order to give a full and complete opinion; and

14. Copies of each document or exhibit which Ms. Sirrs intends to refer to during her testimony.

(Doc. 175-1)[1]. Defendant informed Plaintiff that they objected to the subpoena on November 21, 2024. (Doc. 175 at 4). Plaintiff has yet to modify or withdraw the

---

[1] These requests have been summarized for purposes of brevity.

subpoena, and Defendant now moves to quash the subpoena pursuant to Fed. R. Civ. P. 45(d)(3). (*Id.*).

## II. Legal Standard

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery under a Rule 45 subpoena is the same as under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

Subpoenas have limits. Subpoenas often burden third parties to an extent greater than the value of the documents they produce. A court must balance these interests. A district court's ultimate decision on whether to quash a subpoena is typically a matter of discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

4

## III. Discussion

Defendant argues that the Motion to Quash should be granted for three reasons. First, because Rule 45 does not permit parties to compel the production of documents from a retained expert. (Doc. 175 at 4). Second, even if a Rule 45 subpoena is permitted for a retained expert, the subpoena must be quashed under the limitations of Rule 45. (*Id.* at 5). Third, the Rule 45 subpoena at issue exceeds the discovery limits of Rule 26. (*Id.* at 7). In response, Plaintiff contends that Rule 45 presents a proper way to procure relevant documents from an expert witness and that their Rule 45 request falls within the scope of information retained experts are required to disclose under Rule 26(a)(2)(B). (Doc. 176 at 2–7). The Court will first address whether a Rule 45 subpoena on an expert witness is proper, then if it must be quashed based on the limitations of Rule 45 and Rule 26.

### 1. *Use of a Rule 45 Motion on an Expert Witness*

As a recent Montana District Court decision noted, whether it is proper to use a Rule 45 subpoena to procure documents from an expert witness presents a novel issue not yet addressed by the Ninth Circuit. *Anderson v. Boyne*, 2024 WL 4667237 (D. Mont. Nov. 4, 2024). District courts in the Ninth Circuit have not come to a uniform conclusion on whether using a Rule 45 subpoena on an expert witness is proper. *See United States v. Bazaarvoice, Inc.* 2013 WL 3784240 (N.D. Cal. July 18, 2013) (finding the use of a Rule 45 subpoena on an expert witness to be proper);

5

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 1318377 (N.D. Cal. Mar. 22, 2019) (finding that defendant was entitled to use a Rule 45 subpoena to seek relevant documents from an expert witness); *Spencer v. Greenwald*, 2022 WL 2180052 (D. Idaho June 15, 2022) (finding the use of a Rule 45 subpoena on an expert witness to be improper); *Anderson*, 2024 WL at *2 (finding the use of a Rule 45 subpoena on an expert witness to be improper).

In *Roman v. City of Chicago*, 2023 WL 121765 at *11 (N.D. Ill. Jan. 6, 2023), a district case in the Seventh Circuit, the court noted that many courts that found a Rule 45 subpoena to be improper relied on *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992), a Fourth Circuit district case. *See Spencer v. Greenwald*, 2022 WL 2180052, at *3; *Anderson v. Boyne*, 2024 WL 4667237, at *2; Westchester *Surplus Lines Ins. Co.*, 2017 WL 2313288, at *2; *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'ship*, 154 F.R.D. 202, 210 (N.D. Ind. 1993). The court in *Roman* noted that the *Marsh* opinion dealt with the issuance of a subpoena for documents to an expert that did not involve a subsequent deposition. *Roman*, 2023 WL 121765 at *11. Further, that the court in *Marsh* only cursorily analyzed the text of Rules 26 and 45 before reaching their conclusion. *Id.* This Court agrees with *Roman* that the reasoning of *Marsh* and its progeny is unpersuasive given the facts of the present case. Like *Roman,* this Court will focus its analysis on the text of Rules 26 and 45

to determine if a Rule 45 subpoena is a proper way to procure documents from an expert witness.

The Court's inquiry begins with the plain text of Rules 26 and 45. In analyzing these rules, "the Federal Rules of Civil Procedure should be given their plain meaning." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980). "[W]hen we find the terms ... unambiguous, judicial inquiry is complete." *Rubin v. United States*, 449 U.S. 424, 430 (1981). Courts may not rewrite rules that plainly and unambiguously prescribe duties, obligations, and procedures. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008) ("We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable. Instead, we must give effect to the text as Congress enacted.").

Rule 26 governs discovery and mandatory disclosures in federal litigation. Under Rule 26(a)(2) parties must identify any expert witness they may use at trial. Fed. R. Civ. P. 26(a)(2)(A). Retained experts, like Ms. Sirrs, must disclose information with their expert report under Rule 26(a)(2)(B). Retained experts must disclose the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2) defines what a retained expert witness must disclose without any discovery request from the opposing party. *See Roman*, 2023 WL 121765 at *4. However, the plain text of Rule 26(a)(2) does not suggest that parties are limited to only the information required under the mandatory disclosures.

As Rule 26(b)(1) states, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(a)(2). Rule 26(a)(1) controls the scope of discovery and would become redundant as to Rule 26(a)(2) if the mandatory disclosures were the only materials a party could obtain from a retained expert witness. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) ("The general scope of discovery is defined by [Rule] 26(b)(1); *see also Corley v. United. States*, 556 U.S. 303, 314 (2009) ("statute[s] should be construed so that effect is given to all its provisions, so that no one part will be inoperative or superfluous, void, or insignificant.").

Rule 45 outlines the procedures for serving a non-party with a subpoena for testimony or documents. Under Rule 45(a)(1) the subpoena must "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the

8

inspection of premises[.]" Fed. R. Civ. P. 45(a)(1)(A). Even though expert witness subpoenas are controlled by Rule 45, the discovery sought must remain within the scope of Rule 26. *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011) ("It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1).").

Under Rule 45(d)(3)(A) a court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). Further, under Rule 45(d)(3)(B) a court may quash or modify a subpoena to an expert if it involves: (i) disclosing an unretained expert's opinion or (ii) information that does not describe specific occurrences in dispute and results from the experts study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). By explicitly referencing the above categories of expert information that may be protected from disclosure, "Rule 45 can reasonably be read to not exclude the issuance of a subpoena to an expert witness in circumstances outside from the ... scenarios described above." *Roman*, 2023 WL 121765 at *5.

Based on the plain text reading this Court finds that Rule 26 and Rule 45 do not place an absolute bar on the ability of a party to subpoena documents from an

9

opposing party's retained expert, as long as the requested discovery does not involve a prohibited category under Rule 45 or exceed the scope of Rule 26.

*2. Rules 26 and 45*

As discussed above, Rule 45 requires the court to quash or modify a subpoena if the subpoena (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A Court may quash a subpoena if it requires: (i) disclosing an unretained expert's opinion; or (ii) disclosing information that does not describe specific occurrences in dispute and results from the experts study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). In addition, Rule 26 limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Rule 26(a)(2) governs the disclosure of expert testimony. In most cases, the disclosures under Rule 26(a)(2), along with an expert's deposition provides sufficient discovery for the parties to advance their claims or defenses. *See Roman*, 2023 WL 121765 at *9. There are circumstances where it is necessary for a party to inquire beyond an expert's automatic disclosures. Courts have permitted additional expert discovery to obtain deposition testimony from an expert witness in unrelated

litigation or prior expert reports from similar cases. *See Expeditors Int'l of Washington, Inc.*, 2004 WL 406999, at *2 ("[Defendant's] requests for copies of the transcripts of [the expert's] deposition testimony, trial testimony, and expert reports in trade secret [cases] during the past ten years and patent matters during the past five years are within the bounds of permissible discovery."); *Western Res., Inc. v. Union Pac. R.R. Co.*, 2002 WL 1822428, at *2-3 (D. Kan. July 23, 2002) (court ordering testifying expert to produce testimony from other litigation that related to the subject matter in the underlying action, as well as documents considered in forming those opinions).

However, courts disallow additional discovery requests when there is not a specific need identified, and the requests are overbroad. *See Morriss v. BSNF Ry. Co.*, 2014 WL 128393 at *6 (D. Neb. Jan. 13, 2014) (finding a request for an expert's entire file including any draft opinions, production of all invoices and statements, and copies of all documents provided to the expert by the attorney exceeded the scope of Rule 26). The Court in *Morriss* found that "the expert disclosure and discovery limitations of Rule 26 represent a reasoned balance between sufficient expert disclosures and unfettered expert discovery." *Id.*

Here, Plaintiffs have failed to demonstrate a specific need for the documents requested and their request is overbroad. Plaintiff requests that Ms. Sirrs provide "any and all working papers, notes, summaries records, etc. received, taken, and/or

11

prepared by you as part of your ... work in this case," "your file maintained in this case, including but not limited to all notes, memoranda, emails, research, witness statements reports, correspondence, deposition transcripts," and "any notes, memoranda, summaries, records, receipts, documents, texts, emails or written communications, legal pleadings, including any and all file materials or other material reviewed by you." (Doc. 176 at 2–3). Like *Morris*, the Plaintiff does not identify a specific need and requests documents that exceed the discovery limitations of Rule 26. The plaintiff does not tailor these requests to the facts or theories relevant to the case, and the voluminous request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1)

Rule 26(c) provides that, on a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden and expense." Fed. R. Civ. P. 26(c). Further, Rule 45 provides that a court shall quash or modify a subpoena if the subpoena subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. Dec. 7, 2005). In particular, courts are required to consider "such factors as relevance, the need of the party for the

documents, the breadth of the document request ... and the burden imposed. " *Id.* (quoting *United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

Given the above determination that Plaintiff's request is overbroad and lacking a showing of relevance, this Court finds that Plaintiff's Rule 45 subpoena *duces tecum* imposes an undue burden on Defendant's expert. Therefore, this Court grants Defendant's motion to quash the subpoena.

## IV. Conclusion

It is HEREBY ORDERED that Defendant's Motion to Quash (Doc. 174) is GRANTED.

DATED this 27th day of January, 2025.

*[signature]*
SUSAN P. WATTERS
United States District Judge