IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LILLIAN WALTERS KAISER,<br><br>Plaintiff,<br><br>vs.<br><br>IMPERIAL OIL OF NORTH DAKOTA, INC. and WILLIAM D. WALTERS, JR., individually and as President of Imperial Oil of North Dakota, Inc., and as Co-Trustee of the Lillian Y. Walters Revocable Trust<br><br>Defendants. | CV 23-59-BLG-SPW<br><br>ORDER ON MOTION TO QUASH |

Pending before the Court is Defendant Imperial Oil of North Dakota's ("IOND"), Motion to Quash the subpoena issued to Lawrence G. Robinson. (Doc. 179). Plaintiff, Lillian Walters Kaiser opposes the motion. (Doc. 181).

Considering the parties' briefing and for the following reasons, the Court grants Defendant's Motion to Quash.

I.   **Background**

The facts of this case have been discussed at length in this Court's previous order on Defendant's Motion to Dismiss (Doc. 132) and do not need to be reiterated in full here. The procedural background relevant to the motion before the Court is described below.

1

Defendants disclosed Mr. Robinson as an expert witness, pursuant to Federal Rule of Civil Procedure 26(a)(2). (Doc. 180 at 2). Plaintiff scheduled Mr. Robinson's deposition for December 13, 2024, and issued a subpoena in advance of the deposition. (*Id.*). The subpoena included a subpoena *duces tecum*, which requested the production of various documents. (*Id.*). Plaintiffs sought to compel the production of:

1. Mr. Robinson's resume and fee schedule;
2. Copies of any and all writing Mr. Robinson has ever published;
3. Any and all statements made by Mr. Robinson relating to claims, defenses, and/or damages in the current litigation;
4. Copies of all prior deposition and/or trial testimony by Mr. Robinson during the past four years;
5. Copies of any and all working papers, notes, excel spreadsheets, summaries, and records taken or prepared by Mr. Robinson related to the litigation;
6. Copies of Mr. Robinsons' file maintained in this matter;
7. Copies of any North Dakota or Montana statute which he referred to or relied upon in forming his opinion;
8. Copies of any reference material Mr. Robinson may rely on;
9. Copies of all documents, records, or any other data provided to Mr. Robinson, received by him, and reviewed by him;

10. Copies of any notes, memoranda, summaries, records, receipts, documents, texts, emails or written communications, legal pleadings, including any and all file materials or other material reviewed by Mr. Robinson in the case;

11. Copies of any other documents Mr. Robinson referenced or relied on in forming his opinions in this case;

12. Copies of any unprivileged correspondence Mr. Robinson received;

13. Copies of all time sheets, records of time spent on this case, and all billings prepared or submitted by Mr. Robinson for his services;

14. Copies of all documents Mr. Robinson deems necessary to refer to in order to give a full and complete opinion; and

15. Copies of each document or exhibit that Mr. Robinson intends to refer to during his testimony.

(Doc. 180-1)[1]. Defendant informed Plaintiff that they objected to the subpoena on November 26, 2024. (Doc. 179 at 1). After written communications between the two parties, Plaintiff has yet to modify or withdraw the subpoena, and Defendant now moves to quash the subpoena. (*Id.* at 1–2).

---

[1] These requests have been summarized for purposes of brevity.

3

## II. Legal Standard

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery under a Rule 45 subpoena is the same as under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

Subpoenas have limits. Subpoenas often burden third parties to an extent greater than the value of the documents they produce. A court must balance these interests. A district court's ultimate decision on whether to quash a subpoena is typically a matter of discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

4

## III. Discussion

The instant motion presents the same legal question this Court considered in Defendant's previous Motion to Quash. (*See* Doc. 207). In that order, it was determined that Federal Rules of Civil Procedure 26 and 45 do not place an absolute bar on the ability of a party to subpoena documents from an opposing party's retained expert as long as the requested discovery does not involve a prohibited category under Rule 45 or exceed the scope of Rule 26.

Rule 45 requires the court to quash or modify a subpoena if the subpoena (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A Court may quash a subpoena if it requires: (i) disclosing an unretained expert's opinion; or (ii) disclosing information that does not describe specific occurrences in dispute and results from the experts' study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). In addition, Rule 26 limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Rule 26(a)(2) governs the disclosure of expert testimony. In most cases, the required disclosures under Rule 26(a)(2), along with an expert's deposition provides

5

sufficient discovery for the parties to advance their claims or defenses. *See Roman*, 2023 WL 121765 at *9. However, there are circumstances where it is necessary for a party to inquire beyond an expert's automatic disclosures. Courts have permitted additional expert discovery to obtain deposition testimony from an expert witness in unrelated litigation or prior expert reports from similar cases. *See Expeditors Int'l of Washington, Inc.*, 2004 WL 406999, at *2 ("[Defendant's] requests for copies of the transcripts of [the expert's] deposition testimony, trial testimony, and expert reports in trade secret [cases] during the past ten years and patent matters during the past five years are within the bounds of permissible discovery."); *Western Res., Inc. v. Union Pac. R.R. Co.*, 2002 WL 1822428, at *2-3 (D. Kan. July 23, 2002) (court ordering testifying expert to produce testimony from other litigation that related to the subject matter in the underlying action, as well as documents considered in forming those opinions).

Courts disallow additional discovery requests when no specific need is identified, and the requests are overbroad. *See Morriss v. BSNF Ry. Co.*, 2014 WL 128393 at *6 (D. Neb. Jan. 13, 2014) (finding a request for an expert's entire file including any draft opinions, production of all invoices and statements, and copies of all documents provided to the expert by the attorney exceeded the scope of Rule 26). The Court in *Morriss* noted that "the expert disclosure and discovery limitations

of Rule 26 represent a reasoned balance between sufficient expert disclosures and unfettered expert discovery." *Id.*

Here, the Plaintiff has failed to demonstrate a specific need for the documents requested, and their request is overbroad. Plaintiff requests that Mr. Robinson provide "any and all working papers, notes, excel spreadsheets, summaries, records etc. received, taken, and/or prepared by you as part of your ... work in this case," "your file maintained in this case, including but not limited to all notes, memoranda, emails, research, witness statements, reports, correspondence, deposition transcripts," and "any notes, memoranda, summaries, records, receipts, documents, texts, emails or written communications, legal pleadings, including any and all file materials or other material reviewed by you." (Doc. 180-1 at 10–11). Like *Morris*, the Plaintiff does not identify a specific need for the documents and the request exceeds the discovery limitations of Rule 26. The plaintiff does not tailor these requests to the facts or theories relevant to the case, and the voluminous request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1)

Rule 26(c) provides that, on a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden and expense." Fed. R. Civ. P. 26(c). Further, Rule 45 provides that a court shall quash or modify a subpoena if the subpoena subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). An

7

evaluation of undue burden requires the court to weigh the burden on the subpoenaed party against the value of the information to the serving party. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. Dec. 7, 2005). In particular, courts are required to consider "such factors as relevance, the need of the party for the documents, the breadth of the document request … and the burden imposed. " *Id.* (quoting *United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

Given the above determination that Plaintiff's request is overbroad and lacking a showing of relevance, this Court finds that Plaintiff's Rule 45 subpoena *duces tecum* imposes an undue burden on Defendant's expert, Mr. Robinson. Therefore, this Court grants Defendant's Motion to Quash the subpoena.

Mr. Robinson is still required to disclose the necessary information under Rule 26(a)(2)(B) if he has not done so already.

### IV.   Conclusion

It is HEREBY ORDERED that Defendant's Motion to Quash (Doc. 179) is GRANTED.

DATED this 14th day of February, 2025.

SUSAN P. WATTERS
United States District Judge

8